NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0252n.06

No. 11-2452

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 11, 2013*
DEBORAH S. HUNT, Clerk

ASMIR MILJKOVIC,

    Petitioner-Appellant,

v.

JEFFREY WOODS, Warden,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE  EASTERN
DISTRICT OF MICHIGAN

BEFORE:  KEITH, MARTIN, and COLE, Circuit Judges.

PER CURIAM.  Asmir Miljkovic, who is represented by counsel, appeals a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

In 2008, a jury convicted Miljkovic of possessing with the intent to deliver cocaine, psilocin mushrooms, and marijuana.  He was sentenced to seven to twenty years of imprisonment. Miljkovic's conviction was affirmed by the state courts of Michigan.  He then filed his petition for a writ of habeas corpus, raising two claims.  The district court denied the petition.  This Court certified for review Miljkovic's issue of whether the admission of propensity evidence was harmless error.

The evidence at trial showed that Miljkovic arranged for a safe to be delivered to the basement of his friend and former co-worker's house.  The friend testified that she did not have access to the safe, having given the key to Miljkovic some time after the safe was delivered.  She

believed that Miljkovic was storing an antique gun collection in the safe. In fact, the safe contained cocaine, mushrooms, marijuana, a scale with Miljkovic's thumb print on it, a size 11 ½ K Swiss shoe box, plastic and paper bags, and rubber gloves. A search of Miljkovic's house found several size 11 ½ K Swiss shoe boxes, plastic and paper bags, rubber gloves, another scale, an agent used in cutting cocaine, and a device to detect hidden microphones. The state also introduced evidence to which Miljkovic objected both at trial and on appeal. These items included several weapons, correspondence with convicted drug dealers, drug ledgers, a money-counting machine, and photographs depicting Miljkovic's opulent lifestyle. The Michigan Court of Appeals found that the trial court had abused its discretion in admitting the evidence of Miljkovic's lifestyle and association with convicted drug dealers. *People v. Miljkovic*, No. 285102, 2010 WL 293006, at *3 (Mich. Ct. App. Jan. 26, 2010). The court affirmed the admission of the weapons and drug ledgers. *Id*. at *4. The court concluded, however, that the erroneously admitted evidence did not affect the outcome of Miljkovic's trial. *Id*.

Miljkovic now argues that the propensity evidence, admitted in violation of state law and without a limiting instruction, denied him due process. Violations of state evidentiary law are not cognizable in a habeas corpus proceeding. However, if the alleged evidentiary error denied the petitioner a fundamentally fair trial, a violation of due process may be established. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Miljkovic argues that the Michigan Court of Appeals did not address his due process claim. Therefore, the issue must be reviewed de novo. However, in concluding that the erroneously introduced evidence did not affect the outcome of the trial, the Michigan Court of Appeals found no

due process violation. *Miljkovic*, 2010 WL 293006, at *4. Reviewing the claim under the harmless error standard is a broader inquiry than whether the state court's decision was objectively unreasonable. *Jaradat v. Williams*, 591 F.3d 863, 869 (6th Cir. 2010). If the reviewing court has grave doubt about whether allegedly erroneously introduced evidence had a substantial effect on the jury, the alleged error cannot be found to be harmless. *Id*. Here, there was overwhelming evidence that the drugs belonged to Miljkovic. The drugs were in his safe, along with a scale that had his thumbprint on it. Various drug paraphernalia was also discovered at his home. Finally, the failure to give a limiting instruction on the use of the "other acts" evidence was also harmless because the lack of an instruction did not materially affect the jury's verdict in light of all the other evidence. *See United States v. Stevens*, 303 F.3d 711, 717 (6th Cir. 2002).

We affirm the district court's judgment.